IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.     CAUSE NO. 1:20-CR-91-LG-RPM-2

**SYNTHIA NICOLE TURNER**

### ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Synthia Nicole Turner asks the Court for early termination of her supervised release. The United States Probation Office and the Government oppose Turner's request. After reviewing the record in this matter and the applicable law, the Court finds that Turner's [150] Motion should be denied.

### BACKGROUND

Turner pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. On September 2021, the Court sentenced her to 39 months of imprisonment and five years of supervised release. The Court also imposed a $3,000 fine with interest waived, and a $100 special assessment. J. [104]. She began her term of supervised release on or about January 9, 2023 with an anticipated completion date of September 8, 2028.

In her Motion, Turner asserts that her "record on Supervised Release is extraordinary" and "[a]part from her unblemished record on supervision, [her] work history and rise from Housekeeper, Housekeeper Manager, Front desk clerk, then to

Manager at the La Quinta Hotel, and General Manger at Super Eight, Days Inn, simultaneously is exceptional." Def.'s Mot. [150] at 2 ¶7. Additionally, Turner reports having paid all fines and fees, receiving a Hospitality Management Program general manager certificate, receiving over 20 certificates for hospitality training courses and starting her own business specializing in residential and commercial renovations. *Id.* at 3 ¶9.

## DISCUSSION

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which provides:

> The court may, after considering the factors set forth in section 3553(a), . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

By reference to the provisions of § 3553(a), "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

"[C]ompliance with all conditions is expected of an individual on supervised release, . . . and non-compliance is a ground for revocation." *United States v. Hale*, 127 F.4th 638, 641 (6th Cir. 2025) (quotation altered). In *Hale*, the Sixth Circuit clarified that Section 3583(e)(1) does not require a finding of exceptionally good behavior or a change in circumstances before a court can grant early termination.

*Id.* However, "[t]hat is not to say that a district court may not consider whether a defendant exhibited 'exceptionally good behavior' when exercising its broad discretion to resolve motions for early termination of supervised release." *Id.* As a result, it is permissible for courts to "generally find early termination proper only when exceptionally good conduct or other changed circumstances are present." *Id.*; *see also United States v. Godfrey*, No. 1:09-CR-158(1), 2025 WL 2470072, at *3 (E.D. Tex. Aug. 27, 2025) ("While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1).").

## CONCLUSION

The Court does not wish to diminish Turner successfully transitioning into the community and being gainfully employed since her release from incarceration. However, maintaining a living without reoffending simply constitutes compliance with the Standard and Special Conditions of Supervision imposed by the Court's judgment. *See* J. [104] at 4-5. Turner's compliance with the conditions of her supervised release and steps toward improving her life are commendable. However, all of these accomplishments occurred while on supervised release. The terms and conditions of supervised release have not inhibited her progress and success.

By Turner's own admission, she has an extensive history of substance abuse beginning when she was approximately 14 years old. PSR [102] ¶41. Allowing U.S. Probation to continue to monitor and guide Turner is advantageous as it is able

to offer resources, guidance and accountability to Turner to ensure she successfully continues her rehabilitation journey.

The Court finds that Turner has not presented any facts or circumstances that support early termination of her supervised release. Her motion demonstrates that she has complied with the conditions of supervised release, which is expected of defendants on supervised release.

Turning to the § 3553(a) factors, the Court imposed a sentence that was within the lower portion of guideline range as she was eligible for a sentence of 37-46 months. Her base offense level was 24. PSR [102] ¶ 41. Turner received a two-point reduction for meeting the criteria of U.S.S.G. § 2D1.1(b)(18); however, this factor was offset by the two-point enhancement Turner received for fleeing from law enforcement after her arrest. *Id.* at ¶¶ 42, 45. Turner ultimately received a three-point reduction for acceptance of responsibility, bringing her total offense level to 21. *Id.* at ¶¶ 48-50. Though Turner's criminal history score was I, she has had several arrests and encounters with law enforcement, all of which either ended in a fine or a nolle prosequi. *Id.* at ¶¶ 52-64.

Turner's proffered reasons do not demonstrate "any exceptional circumstances to justify the Court's exercise of its discretion to terminate his supervised release early or any circumstances that render [her] term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals." *See United States v. Pittman,* No. 3:15-CR-221-O(1), 2020 WL 6564724, at

-5-

*2 (N.D. Tex. Nov. 9, 2020).  Therefore, the Court finds that the § 3553(a) factors do not support early termination.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Synthia Nicole Turner's Motion [150] for Early Termination of Supervision is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 15th day of December, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.

UNITED STATES DISTRICT JUDGE